UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 3:15-cr-92-TJC-PDB

ANTHONY TYRONE JONES, III  ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

## O R D E R

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED after complete review of the motion on the merits.[1]

☒ FACTORS CONSIDERED

Defendant Anthony Tyrone Jones, III, is a 32-year-old inmate incarcerated at Atwater USP, serving a 100-month term of imprisonment for the distribution of cocaine base and possession of a firearm by an armed career criminal. (Doc. 53, Judgment).[2] According to the Bureau of Prisons (BOP), he is scheduled to be released

---

[1] The Court assumes for purposes of this Order that Defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement.

[2] Although Defendant was subject to a 180-month mandatory minimum sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), he was sentenced to 100 months in prison because Defendant benefited from a motion for a substantial assistance reduction. (See Doc. 54, Statement of Reasons; Doc. 40).

from prison on January 27, 2023. Defendant seeks compassionate release because of the Covid-19 pandemic and because he claims to have asthma, a thyroid problem, and complications stemming from a gunshot wound to his arm, including nerve damage that limits his mobility. (Doc. 55, Motion for Compassionate Release).

A movant for compassionate release bears the burden of proving that a reduction in sentence is warranted. United States v. Heromin, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. Jun. 7, 2019); cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (a movant under § 3582(c)(2) bears the burden of proving that a sentence reduction is appropriate). "Given the permissive language [of § 3582(c)(1)(A)], a district court's decision whether to grant or deny a defendant's request for a sentence reduction is discretionary." United States v. Winner, No. 20–11692, 2020 WL 7137068, at *2 (11th Cir. Dec. 7, 2020). As the Third Circuit Court of Appeals has observed, the mere existence of Covid-19 cannot independently justify compassionate release, "especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Defendant has not demonstrated extraordinary and compelling reasons warranting compassionate release. 18 U.S.C. § 3582(c)(1)(A). According to the Centers for Disease Control (CDC), certain underlying conditions might increase the risk of severe illness from Covid-19, and other conditions are known to increase the risk of serious infection.[3] Moderate-to-severe asthma falls into the former category.

---

[3] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-

Thyroid disease and peripheral nerve damage caused by a gunshot wound do not fall into either category.

Although Defendant alleges that he has asthma, he neither alleges that his asthma falls into the moderate-to-severe category, nor does he submit any evidence supporting his assertion that he has asthma of any degree. Likewise, Defendant submits no evidence that he suffers from thyroid disease. Indeed, Defendant's Presentence Investigation Report (PSR) makes no mention of Defendant having asthma, thyroid problems, or any medical issues other than a broken elbow in 2014 and the lingering effects of a gunshot wound to his left arm. (Doc. 41, PSR at ¶¶ 90-93). The lack of evidence supporting Defendant's allegation that he has asthma and thyroid disease matters because a movant under § 3582(c) bears the burden of proving he is eligible for relief. Heromin, 2019 WL 2411311, at *2; Hamilton, 715 F.3d at 337.

Defendant also asserts that he has metal plates in his elbow and a bullet in his upper arm, for which he has undergone reconstructive surgery, and that he has nerve damage that limits his mobility. (Doc. 55 at 1-2). The PSR supports these assertions, including that he has difficulty moving his left arm due to a bullet being lodged in his left bicep. (See Doc. 41 at PSR at ¶¶ 91-92). However, there is no evidence that these conditions impair Defendant's ability to care for himself or that they render him more susceptible to coronavirus. Defendant is 32 years and lacks a serious medical condition. As such, he has not shown extraordinary and compelling circumstances.[4]

---

medical-conditions.html.

[4]    The Court recognizes that there is a split of authority over whether district courts are bound by the list of extraordinary and compelling reasons contained in

Finally, the sentencing factors under 18 U.S.C. § 3553(a) do not support a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. Defendant is an armed career criminal by virtue of his criminal history, but he was spared the 15-year mandatory minimum sentence because of the government's substantial assistance motion. As of this date, Defendant has served approximately 65 months of his 100-month sentence, dating from his arrest on August 12, 2015. (See Doc. 41 at p. 1). In view of all the § 3553(a) factors, further reducing Defendant's sentence is not warranted at this time.

Accordingly, Defendant Anthony Tyrone Jones, III's Motion for Compassionate Release (Doc. 55) is **DENIED**.[5]

**DONE AND ORDERED** at Jacksonville, Florida this 2nd day of February, 2021.



TIMOTHY J. CORRIGAN
United States District Judge

Lc 19
Copies:
Counsel of record
Defendant

---

U.S.S.G. § 1B1.13, cmt. 1(A)-(D). See, e.g., United State v. Ruffin, 978 F.3d 1000, 1006–08 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 234 (2d Cir. 2020). The Court's decision does not depend on the resolution of that issue because it would reach the same conclusion if it had independent authority to identify extraordinary and compelling reasons.

[5]   To the extent Defendant requests that the Court order home confinement, the Court cannot grant that request because the Attorney General has exclusive jurisdiction to decide which prisoners to place in the home confinement program. See United States v. Alvarez, No. 19-cr-20343-BLOOM, 2020 WL 2572519, at *2 (S.D. Fla. May 21, 2020); United States v. Calderon, 801 F. App'x 730, 731-32 (11th Cir. 2020) (a district court lacks jurisdiction to grant a request for home confinement under the Second Chance Act).